IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

BILLY J. MASSIE,

       Plaintiff,

v.                                       CIVIL ACTION NO. 3:06-0689

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

## ORDER

This matter is presently pending before the Court on petition of Billy J. Massie seeking an award of attorney's fees under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412. Plaintiff filed the petition following the Court's decision granting plaintiff's motion for judgment on the pleadings, reversing the Commissioner's decision and awarding plaintiff disability insurance benefits. The Commissioner opposes the petition, asserting in his brief in opposition that the petition "is untimely." In his response, plaintiff concedes that the petition was filed nine days beyond the "thirty days of final judgment" contemplated by the Act. 28 U.S.C. § 2412(d)(1)(B). Plaintiff states that the petition was late "due to clerical error" when his "office did not calendar the sixty day appeal period" following the court's denial of the Commissioner's motion to alter or amend the judgment.

It is well established that the statutory thirty day period for filing an EAJA application is not "jurisdictional," Scarborough v. Principi, 541 U.S. 401, 413-14 (2004), and the time limit has been held subject to the doctrine of equitable tolling,[1] a doctrine which, when applied "to suits against the

---

[1]See, Wilson v. Commissioner of Social Security Administration, No. 2:05cv44, 2008 WL 2308068 (ND WV June 4, 2008).

Government," is applied "in the same way that it is applicable to private suits ... ." Irwin v.

Department of Veterans Affairs, 498 U.S. 89, 95 (1990). "Federal courts," however, have "extended

equitable relief only sparingly," allowing "equitable tolling in situations where the claimant has

actively pursued his judicial remedies by filing a defective pleading during the statutory period, or

where the complainant has been induced or tricked by his adversary's misconduct into allowing the

filing deadline to pass." Id. at 96. Generally, "resort to equity" is "be reserved for those rare instances

where – due to circumstances external to the party's own conduct[2] – it would be unconscionable to

enforce the limitation period against the party and gross injustice would result." Harris v.

Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Equitable tolling is not, however, extended to "garden

variety claim[s] of excusable neglect," Irwin v. Department of Veterans Affairs, supra at 96, and, as

a consequence, does not extend to the "clerical error" which resulted in the untimely petition filed

in this case.

On the basis of the preceding, plaintiff's petition for an award of attorney's fees under the

Equal Access to Justice Act will be denied, and it is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to all counsel of record.

ENTER:  May 29, 2009

MAURICE  G.  TAYLOR,  JR.
UNITED  STATES  MAGISTRATE  JUDGE

---

[2]And, of course, external to the conduct of a party's counsel. Gayle v. United Parcel Service, Incorporated, 401 F.3d 222, 227 (4th Cir. 2005).

2